Parker, C. J.,
delivered the opinion of the Court. By his contract with the owners of the vessel, the plaintiff, who was the master, was entitled to sixty dollars per month during all the time he should remain in their service. He is entitled, therefore, to his wages, until the voyage ceased, or until some event happened which vacated the contract; unless the principle of the marine law, applicable to seamen, is also applicable to him as master; in which case, as there * was a capture upon the homeward voyage, he would be entitled to his wages only up to half the time the vessel was in the last port before capture. He *380 does not claim any wages after the capture; because it is well settled that capture puts an end to the contract, as to any future claim under it for posterior services.
No authority has been cited, to show that he is not entitled to his wages to the time of the capture; but it is, suggested that he ought to be put on the same footing with the seamen.
Were this reasonable, it would not be for us to restrict him, if the law does not. But we do not find that the principle contended for has ever been adopted with respect to masters of vessels. They' rely only on their personal contract with the owners, having no lien upon the vessel. The mariners have two other securities for their wages, viz., the vessel and the master; and in this respect are in a better condition than he is.
Further, the little comparative interest which seamen would have in the successful termination of the voyage, if they were, at all events, to receive their wages, was probably the cause of introducing the principle from the marine law, that their wages should depend upon freight earned; so that, when freight terminates, their wages cease ; and half the time at the last port of safety, in case of capture or shipwreck, has been settled, as furnishing the most just and equal rule.
As this principle is admitted, from necessity or general policy, to regulate, and in some measure to contradict, the terms of the shipping paper, which is the evidence of the contract made by the seamen, it will not follow that it shall also operate upon the contract of the master, whose situation is different, and to whom the rule seems never to have been applied. In the cases in which the wages of the master have been considered, the time of capture only has been considered as stopping his claim ; and there is no authority or dictum to the contrary. That * the seamen may go into the Admiralty for their wages, while the master cannot, may furnish some reason why the former are subject to the marine law, with respect to their wages, while the contract of the latter is to be governed only by the principles of the common law.
As to the other question, the contract is express, that the plaintiff shall have one dollar per day, in addition to his wages, while in port; and no evidence could be admitted to show that this was not intended, unless such a usage were proved as would be satisfactory evidence that the contracting parties intended something different from the plain meaning of the words.
The plaintiff is, therefore, entitled to his wages, at sixty dollars per month, to the day of the capture ; and to one dollar per day while in St. Salvador.